The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Theresa B. Stephenson and the briefs on appeal. Counsel for plaintiff was present for oral arguments before the Full Commission. The appealing party has not shown good ground to receive further evidence or to amend the Deputy Commissioners holding. Accordingly, the Full Commission adopts and affirms the Deputy Commissioners decision and enters the following Decision and Order.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing on 9 December 1999 and in a Pre-Trial Agreement admitted into evidence as Stipulated Exhibit #1 as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and the Industrial Commission has jurisdiction of the parties and the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder and non joinder of parties.
3. Defendant, Johnston County Board of Education, is a State agency and Linda Harris was an employee of the defendant at the time of the alleged negligence.
4. On 20 April 1998 at approximately 3:10 p.m., Linda Harris was acting within the course and scope of her employment with defendant by operating a school bus proceeding on Sunny Hill Road.
5. The deposition of John Evans is admitted into evidence as Stipulated Exhibit #2.
6. The deposition of Linda Harris is admitted into evidence as Stipulated Exhibit #3.
7. The deposition of Tequila Stokes is admitted into evidence as Stipulated Exhibit #4.
8. The deposition of LaTreya Amerson is admitted into evidence as Stipulated Exhibit #5.
9. The deposition of Shanika Howard is admitted into evidence as Stipulated Exhibit #6.
10. The medicals for LaTreya Amerson are admitted into evidence as Stipulated Exhibit #7.
11. The medicals for Shanika Howard are admitted into evidence as Stipulated Exhibit #8.
12. The medicals for Taquila Stokes are admitted into evidence as Stipulated Exhibit #9.
13. Beth Shanika Howard and Taquila Stokes were under eighteen years of age at the time their claims were filed. At the time of the hearing before the Deputy Commissioner Ms. Howard and Ms. Stokes were at least eighteen years of age.
14. The issues to be determined by this hearing are:
a) Was the plaintiff injured by the negligence of the defendant, Johnston County Board of Education, by and through its employee, Linda K. Harris?
b) What amount, if any, is the plaintiff entitled to recover for personal injuries?
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff is a citizen and a resident of Johnston County. Plaintiffs birth date is 10 November 1982. By Order of the Commission, filed 16 December 1998 by Commissioner Bernadine S. Balance, Teresa Williams was appointed LaTreya Amersons guardian ad litem. Ms. Williams is Ms. Amersons mother. At the time of the filing of the Deputy Commissioners Decision and Order, Ms. Amerson had not reached the age of majority.
2. Linda K. Harris is a resident of Johnston County. At the date of the school bus incident at issue she was 39 years old and had been employed by the Johnston County Board of Education approximately 9 years.
3. On 20 April 1998, Ms Harris picked up students from South Johnston High School, at approximately 3:00 p.m. Ms. Harris route included traveling on Juniper Road and turning onto Sunny Hill Road.
4. Sunny Hill Road is a short dirt road which connects Juniper Church Road and Juniper Road. The road is approximately 28 feet, 7 inches wide and approximately 1/10 of a mile in length. Sunny Hill Road is maintained by the North Carolina Department of Transportation.
5. On 20 April 1998 Sunny Hill Road was part of the regular bus route set by the Johnston County Board of Education. Ms. Harris followed the regular route with Sunny Hill Road unless road or weather conditions, such as rain or puddles, rendered the road hazardous.
6. The weather was clear and sunny on 20 April 1998 at approximately 3:10 p.m. It had rained a day or two before but there were no visible puddles on Sunny Hill Road and the road surface appeared dry.
7. LaTreya Amerson was a student at South Johnston High School and a passenger on Ms. Harris bus on 20 April 1998. She occupied a seat on the right side of the bus, third from the back.
8. On 20 April 1998, a tractor-trailer was parked on the right side of Sunny Hill Road approximately halfway down. As Ms. Harris pulled to the left side of the road in order to pass the tractor trailer, she felt the school bus slide to the left side of the road toward a shallow trench lining the left side of the road. The bus slid until eventually the left side tires of the bus were stuck up to the axle on the left side of the road. This caused the right side of the bus to tilt upward. The bus was traveling approximately 4 to 5 m.p.h. when it slipped. The incident involving the bus was not reasonably foreseeable.
9. When the bus slid on the side of the road, the plaintiff fell and her hands hit the window. At that time plaintiff felt pain in her left arm from her wrist to her elbow.
10. Ms. Harris asked all the students if anyone was hurt and no one indicated to her they were. John Evans, Director of Schools Buses of Johnston County Schools, and Mr. Munson, Assistant Principal of South Johnston High School went to the scene. School bus garage mechanics James Raynor and Larry Moore also went to the scene. Mr. Munson and Mr. Evans asked the students if anyone was hurt. Only one student, not the plaintiff, indicated she was hurt but declined immediate medical treatment.
11. Mr. Munson and Mr. Evans also walked on Sunny Hill Road and around the bus. The ground along the left side of the road was soft and gave way with weight; however, the ground did not appear to be soft.
12. The school officials determined not to call the police since there were no complaints of physical injuries and the bus was not damaged.
13. After the bus was pulled from the mud, the students got back on the bus and Ms. Harris continued her route. Larry Moore followed Ms. Harris on the route. At one point Ms Harris pulled over and informed Mr. Moore the bus had a "shimmy. Mr. Moore removed some additional mud from the tires and Ms. Harris continued the route without further incident.
14. Plaintiff did not report to anyone at the scene that her left arm hurt. When she arrived home she informed her mother who took her to Betsy Johnson Memorial Hospital. X-rays revealed a possible minimal buckle fracture of the distal radial metaphysics at the left wrist, as well as soft tissue swelling. Plaintiff was supplied a sling and recommended follow-up.
15. Plaintiff followed up with Dr. Amin El-Malah at Eastern Carolina Medical Center. He did not discern a definite fracture from the X-rays. Plaintiff continued follow-up and improved with conservative treatment. At the time of the hearing before the Deputy Commissioner, plaintiffs symptoms had improved and she experienced no permanent disability.
16. The greater weight of the evidence is that Linda Harris operated her school bus in a reasonable and prudent manner. Based upon the greater weight of the evidence, the plaintiff has failed to prove any negligence on the part of a named office, employee or agent of defendant.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to carry the burden of proof to establish any negligence on the part of a named employee that plaintiff has suffered any damages as the result of an act or omission of defendant. N.C. Gen. Stat. 143-291, et. seq.
2. There is no negligence upon the part of a named official, employee or agent of defendant while acting within the scope of their employment and duty, which proximately caused any injury to the plaintiff. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiffs claim must be, and the same is, DENIED.
2. Each side shall pay its own costs.
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_______________ LAURA K. MAVRETIC COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER